W. H. PURYEAR *v.* NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY *et al.*

'(*Nashville.*  December Term, 1912.)]

1. CERTIORARI AND SUPERSEDEAS.  Petition showing Insuf-| ficient excuse for failure to file petition for certiorari to remove case from court of civil appeal into supreme court, within the forty-five day rule.

Where a petition for the extension of the forty-five day rule, and| for leave to file a petition for *certiorari* and *supersedeas* in the| supreme court for the review of a judgment of the court of| civil appeals averred that it was the purpose and intention of| counsel for petitioner to bring the case to the supreme court by| *certiorari*; but that the same was not done within the forty-five| days for reasons stated in counsel's affidavit attached to the| petition, and averring that one of petitioner's counsel of record| was young and inexperienced, and it was understood between| them that the other was to prepare the petition for the *certiorari*| and *supersedeas*, assignments of error, and brief, and that such| other counsel, for a considerable part of the time since the entry of the judgment, was unavoidably absent from the city, and engaged in other important cases, and was unmindful that the time had expired; and where the petition for the *certiorari* and *supersedeas*, presented to the court with the petition for leave to file it, was signed and sworn to only by the counsel whose inexperience was alleged to show his incapacity to prepare such petition, assignments of error, and brief in support thereof, during the absence of the other counsel, upon motion to dismiss the petition for such extension and for leave to file the other petition for the *certiorari*, etc., it was *held* that the petition for such extension and leave was insufficient, and would be disallowed, because it showed negligence in forgetting the case, no diligence upon the part of either counsel, and, except for the indefinite absence of one of the two counsel, no

reason for failure to file the petition for *certiorari*, etc., within the time of the rule. (*Post, pp.* 135-139.)

2. SAME. Petition to remove case from court of civil appeals into the supreme court must be supported by brief which cannot be supplied by argument; citation of record and authorities.

Under rules 14 and 15 of the supreme court, effective January 1, 1913, requiring that the brief and assignments of error in support of the petition for *certiorari* to bring a case from the court of civil appeals into the supreme court shall concisely state the points of law and fact relied upon for a reversal, without argument and elaboration, and with 'tation of the pages of the record and the authorities to suppc. ʳach point, in one statement and in one place in the brief, and that an argument will not supply the place of a brief, it is *held* that a petition for such *certiorari*, consisting of thirty-three typewritten pages, made up of a statement of what the case is, extracts from the testimony, and an argument of counsel, for the purpose of showing alleged errors of the court of civil appeals, with citations scattered throughout the whole petition, is not supported by a brief at all, but by an argument; and, therefore, such petition is ⸱ .sallowed, though the question was not raised or made by motion of the adversary party. (*Post, pp.* 139-141.)

---

FROM DAVIDSON.

---

Appeal from the Second Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. —M. H. MEEKS, Circuit Judge.

W. H. WASHINGTON and B. D. SHRIVER, for plaintiff.

CLAUDE WALLER, FRANK SLEMONS, and PENDLETON & DEWITT, for railroad.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon the petition of the plaintiff below for an extension of the forty-five day rule, and for leave to file a petition for *certiorari* and *supersedeas* to review the judgment of the court of civil appeals reversing the judgment of the circuit court and dismissing the case.

The defendants have filed a motion to dismiss the petition. The petition shows that the judgment of the court of civil appeals was entered December 14, 1912, and that the forty-five days expired January 28, 1913. It is also averred that it was the purpose and intention of counsel for petitioner to bring the case to this court by *certiorari* and *supersedeas;* but the same was not done within the forty-five days, for reasons stated in an affidavit of counsel attached to the petition. The substance of the affidavit is that the plaintiff below had two counsel of record; but one of them is young and inexperienced, and, on account of the greater experience of the other, it was understood between them that the petition for *certiorari* and *supesredeas,* assignments of error, and brief should be prepared and filed by him.

It is stated that during a considerable part of the time since the entry of the judgment of the court of civil appeals this particular counsel was unavoidably absent from the city, and that since the decision of the case he has been very much engrossed with matters and business of great importance in other important cases, and that by oversight the time for filing the petition for

*certiorari* expired without his having done so. It is further stated that this counsel was not aware of the expiration of the forty-five days until January 28th, when he was reminded by adversary counsel that the time had expired. He thereupon immediately took steps to prepare the petition, assignments of error and brief, and this petition, which were sworn to and presented to the court on February 6th, fifty-four days from the entry of the judgment of the court of civil appeals.

The motion to dismiss is based upon the ground that the petition for an extension of time should have been filed before the forty-five days expired; and that neither the petition nor the affidavit attached states sufficient grounds for an extension of the rule, in that they show that there were two counsel of record for plaintiff below, and it is only claimed that one of them was absent from the city, or otherwise hindered from preparing and filing the petition for *certiorari* and *supersedeas,* assignments of error and brief in support thereof. Nor does it show how long the counsel who was absent from the city was away, nor when he was away, nor how long he has been back in the city; nor does it negative the fact that he may have been in the city sufficient length of time to have prepared the petition for *certiorari* and *supersedeas.*

It is also insisted that, inasmuch as the petition shows that there were two attorneys of record for plaintiff below, the statement in the affidavit that one of the attorneys, who was not absent, was inexperienced is

not sufficient reason for his not having filed a petition within the time.

The rule of this court, requiring petitions for *certiorari* and *supersedeas* to the judgments of the court of civil appeals to be filed within forty-five days after the entry of the judgment of that court, was adopted in order to protect the court against a rush of such petitions just before the expiration of the ninety-day limitation upon the power of this court to take action upon such petitions, fixed by the statute creating the court of civil appeals. Before the adoption of this rule, it was not an infrequent occurrence for petitions to be filed in numerous cases just before the expiration of the ninety-day limitation, so that it was practically impossible for the court to consider the cases within the time allowed. It thus became necessary for a member of the court to grant the petition for *certiorari* without an examination of the petition, assignments of error and brief in support thereof, and the answer thereto and the opinion of the court of civil appeals. Numerous petitions were granted in a perfunctory way, in order to prevent the expiration of the ninety-day limitation, and thus deny entirely the right of review to the petitioner. Forty-five days in which to file a petition, and fifteen days in which to answer it, were deemed by the court amply sufficient to enable counsel to present all questions of law and fact to this court for its consideration. This leaves the court thirty days before the expiration of the ninety-day limitation in which to

·investigate the questions presented by the petitioner and decide upon them.

The course of practice adopted by this court in the consideration of petitions for *certiorari* and *supersedeas* is equivalent to a hearing of the case by the entire court upon briefs, without argument. It is doubtless true that the act of the legislature creating the court of civil appeals, properly construed, would permit a single member of the court to consider and determine the questions made by a petition for *certiorari* without consultation with the other members. While this procedure would vastly facilitate the determination of this class of cases and lessen the work of the court, it has not been considered wise to do so. The practice adopted is unquestionably warranted by the statute, and is doubtless the wiser course.

While the court has not rigidly enforced the forty-five day rule, and has never failed to relax it when the ends of justice required it, still the rule was made to be enforced, and cannot be relaxed, unless some sufficient reason is given for doing so. We do not think the reasons stated in the petition under consideration are sufficient. It wholly fails to show any diligence upon the part of either counsel. Except the time during which one of the counsel was absent from the city, no legal reason is stated for a failure to file the petition within the rule. It is not stated how long this counsel was absent from the city. It appears that counsel forgot the case in the engrossment of other important work. This, of course, is negligence, and is not a reason

for not complying with the rule which this court can encourage. In addition, the petition for *certiorari* and *supersedeas,* which is tendered to the court with petition for leave to file it, is signed and sworn to, not by the counsel whose absence from the city is given as a reason for not having complied with the rule, but by the counsel whose inexperience, it is alleged, disabled him from filing the petition for *certiorari* during the absence of the other counsel. Of course, we do not know, because it is not stated, who actually prepared the petition for *certiorari* and *supersedeas;* but the petition shows that it is signed only by one counsel and sworn to by this particular counsel, and no other. So we are constrained to hold that the petition for the extension of the forty-five day rule is insufficient, and must be disallowed.

Another reason why the petition should not be allowed, not made in the motion to dismiss, is that the brief and assignment of errors accompanying the petition do not comply with rules 14 and 15 of this court, effective January 1, 1913. There is no brief in support of the petition, within the meaning of rule 15. The purpose of this ru. is to have concisely stated, in a condensed form, the points of law and fact relied upon for a reversal, without argument or elaboration, and the citation of the pages of the record and the authorities to support each point in one statement and at one place in the brief. It is stated in the rule under consideration that an argument will not supply the place of this brief. This requirement is based upon obvious reasons

of convenience to the court, which do not occasion any inconvenience to counsel. The statement of the case, contained in the petition in this case, consists of thirty-three typewritten pages made up of a statement of what the case is, extracts from the testimony of witnesses, and an argument of counsel, for the purpose of showing alleged errors of the court of civil appeals. The citations to the pages of the record where the testimony of witnesses relied upon will be found is scattered through the thirty-three pages of the petition. This arrangement makes it almost, if not quite, as inconvenient to find the record citations from the petitions as it would be to find them from the index to the record by our own independent investigations. The brief attached to the petition is an argument, and not a brief at all.

The court avails itself of this opportunity to say that the recent rules adopted will be enforced. It is not meant by this that they will be enforced with any degree of severity or captiousness, but that they will be substantially enforced, so that the court may get the benefits which was hoped they would secure, or that it may be demonstrated that they are unwise and impracticable. It is a matter of common knowledge that a very large per cent. of the work of the members of this court consists in the examination of large records and briefs and arguments of counsel, much of which is irrelevant and immaterial, but all of which must be looked to, in order that its materiality may be determined. It is the hope of the court that the new rules will result in elimi-

Puryear v. Railroad.

nating from the transcript immaterial matters that can do nothing but incumber the record and hinder the court in its work, and reduce the question for decision by briefs of counsel to its simplest and final form. The great volume of work that increased litigation is constantly bringing to this court makes this rule necessary, if the business of the public is to be transacted with the dispatch that it should receive. In addition, the reduction of the size of records by limiting them to material matters only will lessen the expense of litigation in a very great degree. The court has observed transcripts which cost hundreds of dollars that should have been prepared and transcribed often for one-fourth of the actual costs, and many times for one-tenth.

It is believed that the necessities of the crowded condition of our dockets, as well as the proper protection that should be given to litigants, require that this court should enforce with reasonable diligence the rules in question.

The result in this case is the more satisfactory because we have considered the record, and find **no erro** **in the action of the court of civil appeals.**